In re V. LOEWER'S GAMBRINUS BREWERY CO.

FLYNN v. LOEWER REALTY CO.

No. 188, Docket 20891.

Circuit Court of Appeals, Second Circuit.

March 31, 1948.

Finke & Jacobs, of New York City (Marcy Finke, of New York City, of counsel), for claimant-appellant.

Glass & Lynch, of New York City (Leslie Kirsch, Bernard Alpert and Sidney Freiberg, all of New York City, of counsel), for trustee-appellee.

Before L. HAND, SWAN and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The opinion of the district court, reported in 74 F.Supp. 909, sets forth the Referee's findings and conclusions. Neither the Referee nor the Judge found fraud; nor did either of them find that the debt was a sham (although their opinions perhaps so imply). The Referee, however, explicitly found as a fact that, at all pertinent times to the date of bankruptcy, appellant, the Realty Company, and the bankrupt, the Brewery Company, had the same stockholders, officers and directors.

We accept that finding as true, since, as the district judge stated (74 F.Supp. at 913), appellant, in its petition to review, did not except to, or question, any of the Referee's findings. There is some evidence, not printed in appellant's Appendix to its brief, that the stock in the two companies was not held in precisely the same proportions by the common stockholders. As, however, appellant made nothing of that fact below or in its brief in this court, the case must be treated as if the proportions were identical, and there is no need to consider whether and to what extent differences in such proportions would compel a different conclusion from that reached here.

With identical stockholders, we may regard the situation as if there had been no Realty Company and as if the Brewery Company were indebted directly to its stockholders. The question here thus boils down to this: If stockholders, acting in concert, make loans to their corporation in amounts directly proportionate to their stockholdings, may they assert unsubordinated claims, for such loans, against their corporation when it becomes bankrupt? In the light of recent Supreme Court decisions,[1] the answer would seem to be No. The test does "not turn on the existence or non-existence of the debt" nor on the existence of an "instrumentality" or the like; the test is whether the failure to subordinate will "work injustice," will not "be fair and equitable to other creditors," will result "in the violation of rules of fair play and good conscience."[2] If that test be applied to a case where stockholders deal with their corporation in the manner above described, it would seem that the potential injustice to other creditors is so great as to require subordination. For, in such circumstances, unfairness can easily occur and yet be so easily concealed that no scrutiny by the bankruptcy court, however rigid, will uncover it; accordingly, merely to put on the stockholders a heavy burden of proof as to fairness would be insufficient; therefore, as a matter of public policy the stockholders will not be heard to deny unfairness.

Up to this point the case has been approached as if there were no debtor corporation. But application of the unfairness test calls for a further step: In marshalling in bankruptcy, both corporations should be ignored, the common stockholders being deemed members of a partnership indebted to them and which went into bankruptcy.[3] It is unnecessary here to consider whether the ruling would be different if creditors of the Realty Company had intervened and had shown that they would be adversely affected by the subordination.[4]

Affirmed.

L. HAND, Circuit Judge (concurring).

Courts have very generally held it unjust to allow a corporation to claim in insolvency upon a parity with other creditors against another corporation, when the shareholders of both are the same. In In

[1] See Pepper v. Litton, 308 U.S. 295, 306–311, 60 S.Ct. 238, 84 L.Ed. 281; Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 322, 59 S.Ct. 543, 83 L. Ed. 669; cf. Sampsell v. Imperial Paper Corp., 313 U.S. 215, 218, 219, 61 S.Ct. 904, 85 L.Ed. 1293.

[2] In re Watertown Paper Co., 2 Cir., 169 F. 252, 256, should be regarded as overruled by the Supreme Court cases cited in the preceding footnote.

[3] In Pepper v. Litton, 308 U.S. 295, 309, 60 S.Ct. 238, 84 L.Ed. 281, the Court cited and quoted with approval from In re Burnside Lodge, D.C., 7 F. Supp. 785, 787, where claims for services rendered by two stockholders to their wholly owned corporation were subordinated; the services were regarded as if they had been rendered to an unincorporated business owned by the claimants. Paraphrasing the language quoted by the Supreme Court from the Burnside Lodge case, we may say here: If the debtor had not been incorporated and if appellant had conducted debtor's business as part of appellant's, appellant would not be allowed to assert its claim on a parity with other creditors, and there is no cogent reason why the mere incorporation of debtor should lead to a different result.

[4] Cf. Consolidated Rock Products Co. v. DuBois, 312 U.S. 510, 524, 61 S.Ct. 675, 85 L.Ed. 982; Henry v. Dolley, 10 Cir., 99 F.2d 94, 97.

Re Watertown Paper Co.[1] we held that this depended upon whether the creditor corporation was an "adjunct" or "agency or instrumentality" of the debtor; but Taylor v. Standard Gas Co.[2] repudiated this as a test, and said that the question was one of "fraud or injustice," which left the matter wholly at large. Pepper v. Litton[3] perhaps re-established the earlier statement by confining the doctrine to cases where the creditor corporation was "a part of the stockholder's own enterprise." I should not of course venture to challenge the last statement; but, taking it as it reads, it seems to me that it may be possible a little to sharpen it in application, if we can learn what reasons make it the right test, and I shall try to state what these seem to me to be.

Both the shareholders and the creditors in any enterprise assume some risk of its failure, but their risks are different. The shareholders stand to lose first, but in return they have all the winnings above the creditors' interest, if the venture is successful; on the other hand the creditors have only their interest, but they come first in distribution of the assets. Beneficially considered, the same persons are both creditors and shareholders, when they have organized into two corporations under a single control. If in such a case they are allowed to prove in insolvency on a parity with other creditors, as shareholders of the debtor they can use their control to take all the winnings which may be made on their advances while the company is successful, yet they will expose themselves only to creditors' risks, if it fails. That is unfair to other creditors regardless of whether they know that the shareholders of the debtor corporation have this power through their common ownership; for every creditor rightly assumes that his risk is measured by the collective claims of other creditors, and by creditors he understands those alone, who like him, have only a stipulated share in the profits. To compel him to divide the assets in insolvency with those who at their option have all along had power to take all the earnings, is to add to the risk which he accepted.

This reasoning only applies however to cases in which, as here, the shareholders are the same in both corporations, and in which the shares in each are divided so nearly alike that the majority in each can lawfully act for all in any dealings between the two. It may be asked why the same principle does not apply to a loan made by a single shareholder, at least to so much of any advance he may make as his shares represent of all the shares outstanding. My answer is that, unless he also controls the debtor corporation, he cannot decide whether his loan shall be paid, or whether it shall remain as a part of the capital of the debtor contributing to profits in which he will share as one of the debtor's shareholders. Even to that limited extent he does not therefore enjoy the advantage of the ambivalent position of the shareholders collectively of two corporations under a common control.

SWAN, Circuit Judge (concurring).
I concur in the result.

---

[1] 2 Cir., 169 F. 252.
[2] 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669.

[3] 308 U.S. 295, 60 S.Ct. 238, 247, 84 L.Ed. 281.