**GANNETT CO., Inc., Appellant,**

v.

**E. Charles LARRY, Trustee in Bankruptcy of Berwin Paper Manufacturing Corp., Appellee.**

**No. 209, Docket 23368.**

United States Court of Appeals, Second Circuit.

Argued Feb. 16, 1955.

Decided March 31, 1955.

Nixon, Hargrave, Devans & Dey, Rochester, N. Y. (Justin Doyle, E. Willoughby Middleton, Jr., and Leonard S. Zartman, Rochester, N. Y., of counsel), for appellant.

Nathan Relin and Paul J. Suter, Rochester, N. Y., for appellee.

Lehman, Goldmark & Rohrlich, New York City (Mortimer Brenner and Bernard K. Rothenberg, New York City, of counsel), for intervenor-appellee, Central National Corp.

Before FRANK and MEDINA, Circuit Judges, and BRENNAN, District Judge.

FRANK, Circuit Judge.

1. In the light of Comstock v. Group of Institutional Investors, etc., 335 U.S. 211, 229, 68 S.Ct. 1454, 92 L.Ed. 1911, we think the strict rule of In re V. Loewer's Gambrinus Brewery Co., 2 Cir., 167 F.2d 318, cannot stand.[1]

2. Judge Burke, however, rested his decision on the alternative ground that Gannett Co., Inc.—controlling the Berwin Paper Manufacturing Company— had pursued solely its own interests in its management of Berwin. The Referee, who heard and saw Williams while he testified, made no finding in that respect. Judge Burke did not see and hear Williams; but taking Williams' testimony as true, and coupling it with the stipulated facts, we think Judge Burke's finding is correct, and that it supports his decision.

In Comstock v. Group of Institutional Investors, etc., supra, the parent company dominated the subsidiary of which it owned from 58 to 83% during the period in question; in that period, the parent advanced funds to the subsidiary. The Court held that the parent must be allowed to share as a creditor of the subsidiary on a plane equal to the other creditors. In Comstock, however, there is a specific finding that the parent's management was beneficial to the subsidiary's creditors. Here we have the opposite facts. At the date of the acquisition of Berwin by Gannett, Berwin was in a position to pay all of its creditors, and is now no longer able to do so. Gannett argues that although, in retrospect, mistakes of management were made, they were business errors made in good faith. Assuming this to be true, the fact remains that the losses suffered by Berwin were suffered, not in an attempt by Gannett primarily to make the subsidiary a financially profitable proposition, but to turn it into a source of newsprint, of no interest to the other creditors—unless financially profitable— but of distinct interest to Gannett, whether or not financially profitable, because of Gannett's newsprint shortage. It is because of this factor, totally absent in the Comstock case, that, in the words of Judge Burke, "It would be unfair to allow the claim of Gannett on a parity with other creditors who lacked the interest which Gannett had in Berwin's disastrous experiment in the newsprint field." In such circumstances, proof of fraud or illegality is not necessary.[2]

---

1. See also Schwartz v. Mills, 2 Cir., 192 F. 2d 727, 729.

2. See, e. g., Pepper v. Litton, 308 U.S. 295, 306–311, 60 S.Ct. 238, 84 L.Ed. 281; Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 322, 59 S.Ct. 543, 83 L.Ed. 669; United States v. Reading Co., 253 U.S. 26, 62–63, 40 S.Ct. 425, 64 L.Ed. 760; In re Kentucky Wagon Manufactur-

ing Co., D.C.Ky., 3 F.Supp. 958, affirmed, 6 Cir., 71 F.2d 802; cf. Douglas and Shanks, Insulation From Liability Through Subsidiary Corporations, 39 Yale L.J. (1929) 193, 217–218; Weisser v. Mursam Shoe Corporation, 2 Cir., 127 F. 2d 344, 345 note 1, 348 note 11, 145 A.L.R. 467; Powell, Parent & Subsidiary Corporations, pages 112–114, 77–81, 18 et seq.