**Burton FRASHER and Kay Frasher, Creditor Claimants-Appellants,**

**v.**

**Gilbert ROBINSON, Trustee-Appellee.**

**In the Matter of FRASHER'S INC., a California Corporation, Bankrupt.**

**No. 26201.**

United States Court of Appeals, Ninth Circuit.

March 24, 1972.

As Modified on Denial of Rehearing May 5, 1972.

Stanley O. Epstein (argued), Gardena, Cal., for creditor-claimants-appellants.

Richard R. Clements (argued), of Sprague & Clements, Los Angeles, Cal., for trustee-appellee.

Before ELY, HUFSTEDLER and WRIGHT, Circuit Judges.

PER CURIAM:

Burton Frasher and his wife were majority shareholders in Frasher's Inc., a retail stationery and camera business. Frasher was president of the corporation and active in its management; Mrs. Frasher was vice-president and treasurer.

In 1967 the company filed a voluntary petition in bankruptcy. The Frashers were listed as creditors in the amount of $11,947.41 (balance due on an unsecured installment loan). Frasher was listed as a creditor in the amount of $522.84 (wages due).

The referee subordinated both of the Frasher claims to the claims of all of the general creditors, on the ground that the Frashers were majority shareholders. The district court affirmed.

Claims of majority shareholders will be subordinated when the majority shareholders have been involved in fraud, overreaching, or other inequitable conduct. Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939).

However, absent inequitable conduct, *bona fide* claims based upon loans from majority shareholders will not be subordinated to the claims of other creditors. Comstock v. Group of Investors, 335 U.S. 211, 68 S.Ct. 1454, 92 L.Ed. 1911 (1948); In Re Calpa Products Company, 249 F.Supp. 71 (E.D.Pa. 1965), aff'd 354 F.2d 1002 (3rd Cir. 1965), cert. denied sub nom. Grasberger v. Calissi, 383 U.S. 947, 86 S.Ct. 1204, 16 L.Ed.2d 209 (1966), rehearing denied 384 U.S. 934, 86 S.Ct. 1444, 16 L.Ed.2d 535 (1966); Spach v. Bryant, 309 F.2d 886 (5th Cir. 1962); Gannett v. Larry, 221 F.2d 269 (2d Cir. 1955); Theriot v. Plane, 126 F.2d 1015 (9th Cir. 1942). In this case, there being no showing of inequitable conduct, it was error to subordinate the Frasher installment loan claim.

The referee determined that the Frasher wage claim was not entitled to priority status as wages due to "workmen, servants, clerks, or traveling, or

**494**

city salesmen" under 11 U.S.C. § 104(a)(2). This was correct, based on the referee's finding that Frasher's claim was for management services. Again, however, in the absence of inequitable conduct, the claim should have been accorded equal treatment with other general creditor claims.

The order is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed; upon remand, the court may reopen the cause for the purpose of determining the existence of inequitable conduct justifying subordination of the claims in question to the claims of general creditors.