**In re BREEZEWOOD ACRES, INC., Bankrupt.**

**Bankruptcy No. 77–759.**

United States Bankruptcy Court, M.D. Pennsylvania.

Aug. 4, 1982.

Ronald Bugaj, Honesdale, Pa., for Breezewood Acres.

Stephen G. Bresset, Honesdale, Pa., for George Clause.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

The trustee of the above captioned debtor objected to two claims filed by George E. Clause, #'s 291 and 292. Under claim # 291 Clause seeks payment for his past services as president of the debtor, and under # 292 he claims an entitlement to satisfaction of a loan he made to the debtor.

## FINDINGS OF FACT

The following findings are based upon the parties' stipulation of facts:

1. The debtor, Breezewood Acres, Inc., filed for relief under Chapter XI of the Bankruptcy Act on May 19, 1977.

2. George E. Clause, through his corporation Natures Kamparx, Inc., purchased a controlling interest in the debtor in August of 1973. At such time Clause became an officer, a director, and the president of the debtor.

3. In 1973 and 1974 Clause lent the debtor $20,000 in order for the corporation to meet the expenses of its "day-to-day operations." The outstanding balance of this loan is $11,442.

4. In August of 1973, the board of directors of the debtor established a salary for Clause of $1,000.00 per week for his services as president.

5. From August of 1973 until November 7, 1977, Clause conducted the day-to-day affairs of the debtor and was the sole active officer of the corporation.

6. The debtor's reorganization in bankruptcy was converted to a liquidation on November 7, 1977.

7. During the pendency of the reorganization the debtor continued to conduct business as debtor-in-possession while Clause maintained his status as president of the corporation.

8. Clause never drew any salary from the corporation, either before or after the filing of bankruptcy, due to the poor financial condition of the business.

9. The record fails to indicate any attempt by Clause to obtain payment of his salary other than his filing of a proof of claim in bankruptcy.

10. The record also fails to indicate any attempt by the debtor to seek the approval of the Bankruptcy Court, subsequent to the commencement of bankruptcy, authorizing payment of Clause's salary as president of the debtor-in-possession.

11. Clause's claim for the payment of services performed for the debtor prior to the filing of bankruptcy cannot be liquidated or reasonably estimated.

12. Clause's claim for the rendition of services following the commencement of reorganization proceedings likewise cannot be liquidated or reasonably estimated.

13. The trustee has failed to prove that Clause is guilty of any inequitable conduct in obtaining the $20,000 loan or in managing the affairs of the debtor.

14. The trustee has failed to prove that the loan made by Clause to the corporation was tied to the success of the business.

## DISCUSSION

The trustee has objected to the allowance of two claims filed by George E. Clause.

Claim # 291 is based upon services he performed as president of the debtor corporation during two time periods: the first, prior to the commencement of bankruptcy; and the second, subsequent thereto. Clause's claim for services performed in the first time period will be disallowed since the claim cannot be liquidated or reasonably estimated. The claim for services provided during the second period is likewise disallowed on the same basis and on the additional basis that the debtor did not seek Court approval prior to employing Clause. Claim # 292 is based upon a loan Clause made to the debtor. This claim will be allowed in full since the trustee failed to prove that Clause engaged in any inequitable conduct.

■ The evidentiary effect afforded a proof of claim is specified in Rule 301(b) of the Bankruptcy Rules which states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Under this rule a claim has a presumption of validity until a party objecting to the claim has introduced evidence sufficient to rebut the claimant's prima facie case. *In Re Mobile Steel Co.,* 563 F.2d 692, 701 (5th Cir.1977). This rule likewise applies to the claims of insiders such as Clause. The principle enunciated in *Pepper v. Litton,* 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939), requiring a claimant who is a fiduciary to a corporation, to prove the good faith and inherent fairness of his transactions with the corporation, does not apply until the objecting party overcomes the prima facie effect of the claim. Absent such a requirement, an intolerable burden would be placed on corporate fiduciaries requiring them to prove the good faith and fairness of each of their dealings with the corporation. *In Re Mobile Steel Co.,* 563 F.2d at 701.

■ Clause's salary claim is based upon a resolution adopted by the board of directors of the debtor upon Clause's purchase of a controlling interest in the corporation. The Board fixed a salary of $1,000.00 per week which Clause never collected, nor apparently ever attempted to collect. This fact coupled with Clause's concession that he was the sole active director and majority shareholder of the debtor, allows the court to draw the inference that the salary of $1,000.00 a week did not actually represent the worth of Clause's services to the debtor at any time but is merely an arbitrary figure used only for formal record-keeping purposes. Clause concedes as much in his brief in support of his claim. "Claimant Clause acknowledges that the $1,000.00 per week salary is unrealistic because of the poor financial condition of the Bankrupt now and in the past and because of the large number of unsecured creditors." (Clause's brief, p. 5). We do not question the fact that Clause performed valuable services for the debtor, we merely find that the figure of $1,000.00 per week does not accurately represent the value of those services. Since the salary figure designated by the board of directors bears no relationship to the services rendered by Clause to the debtor, the value of Clause's services is not fixed at a liquidated dollar amount.

■ Under the Bankruptcy Act of 1898 (the Act), which governs the disposition of this action, a claimant is not entitled to share in the proceeds of the distribution of the bankruptcy estate unless his debt is provable. Section 63a of the Act (former 11 U.S.C. § 103(a)) enumerates the types of debt which are provable in bankruptcy. Debts which are provable may then be entitled to share in the bankruptcy estate as allowable debts, but provability does not necessarily entail allowability. Hence, "(a) debt is, of course, not allowable unless it is provable; but it may be provable without being allowable. Allowability implies, not only provability, but also validity. If for any reason the claim is improper, or, if there be a good defense to it, it is not allowable, although it may be provable as a debt." *Williams & Co. v. United States Fidelity & Guaranty Co.,* 11 Ga.App. 635, 75 S.E. 1067, *rev'd on other grounds,* 236 U.S. 549, 35 S.Ct. 289, 59 L.Ed. 713 (1915). *See also* 3A Collier on Bankruptcy ¶ 63.05 (14th Ed.1975). Although §§ 63a(4) and (8) of

the Act arguably provide for the provability of Clause's debt, provability is expressly subject to the provisions of § 63d. That section states that "(w)here any contingent or unliquidated claim has been proved, but, as provided in subdivision d of section 57 of this Act, has not been allowed, such claim shall not be deemed provable under this Act." Section 57d states as follows:

> Claims which have been duly proved shall be allowed upon receipt by or upon presentation to the court, unless objection to their allowance shall be made by parties in interest or unless their consideration be continued for cause by the court upon its own motion: *Provided, however,* that an unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this Act.

In pertinent part § 57d disallows any claim that cannot be liquidated or reasonably estimated. *Thompson v. Tulchin,* 535 F.2d 1388 (2d Cir.1976).

We have found that Clause's claim for services cannot be liquidated or reasonably estimated. Clause has submitted no itemized list of times or services which he performed for the debtor over the four year period in question and he has not submitted evidence of the value of services of individuals who are presidents of firms similar in size and nature to the debtor corporation. The lack of evidence on this point precludes the Court from establishing the value of the claimant's services. As a result, Clause's claim for services performed prior to the commencement of bankruptcy is unprovable and will be disallowed.

■ Clause's claim for services he afforded the debtor during the abortive reorganization attempt must be disallowed on two bases. Firstly, as was explained above, Clause would have an unprovable debt for

these post-petition services since the Court cannot liquidate or reasonably estimate the value of his services. Secondly, the debtor failed to seek approval of this Court authorizing it to employ Clause. In a case such as this where the claimant is both the controlling shareholder and sole officer in the debtor corporation, prior Court approval is essential to protect the interests of unsecured creditors. Were the Court to allow this claim, it would encourage the officers of closely held corporations to benefit themselves rather than their creditors by filing petitions for corporate reorganization rather than liquidation regardless of the feasability of such a reorganization. Prior court approval is necessary to insure the feasability of reorganization and the need for the employment of these corporate officers.

Claim # 292 is based upon a $20,000 loan Clause made to the debtor in 1973 and 1974, several years prior to the filing of bankruptcy. The trustee's objection to this claim is supported by the intimacy of the relationship between Clause, as sole active officer and controlling shareholder, and the debtor. In further support of his objection the trustee alleges that the loan was "tied directly to the success of the business" and consequently should be considered a contribution to the capital of the corporation.

■ As a general rule creditors of the same class share ratably in the distribution of a bankruptcy estate. The Bankruptcy Court can modify the application of this rule in certain circumstances to prevent the consummation of a course of conduct by a claimant which would be fraudulent or otherwise inequitable, by subordinating his claim to the claims of other creditors of that class. *Heiser v. Woodruff,* 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970 (1946); *Pepper v. Litton,* 308 U.S. 295, 304–05, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939). The Court's power of subordination is not unlimited, and may be used only when the claimant is guilty of some inequitable conduct. *In Re Multiponics,* 622 F.2d 709, 713 (5th Cir.1980). The mere fact that a dominant or majority shareholder has lent funds to the corporation is not sufficient to allow

the subordination of his claim; a finding of fraud, overreaching or other inequitable conduct is necessary. *Frasher v. Robinson,* 458 F.2d 492, 493 (9th Cir.1972); *In Re Mid-Town Produce Terminal, Inc.,* 599 F.2d 389, 392 (10th Cir.1979). As the Tenth Circuit aptly stated: "We are unwilling to find a dominant shareholder may not loan money to a corporation in which he is the principal owner and himself become a ... creditor. To hold the debt may be subordinated on that basis alone would discourage owners from trying to salvage a business, and require all contributions to be made in the form of equity capital. We do not think that it is desirable as social policy, nor required by the cases." *Id.* at 392. In the case at bar, the sole allegation of inequitable conduct is the trustee's averment that the putative loan was tied to the success of the business, which would give the $20,000 tender the appearance of a capital contribution rather than a loan. Nothing in the record supports this contention; consequently, the trustee's objection to Clause's loan claim will be overruled.

## CONCLUSIONS OF LAW

1. Claim # 291, the claim of George E. Clause for services rendered to the debtor, is to be denied in full.

2. Claim # 292, Clause's claim for the unpaid balance of a $20,000 loan, is to be allowed in full.