In re LUDWIG HONOLD MANUFACTURING COMPANY, INC., Debtor.

Fred ZIMMERMAN, Trustee of Ludwig Honold Manufacturing Company, Inc., Plaintiff,

v.

CENTRAL PENN NATIONAL BANK, Defendant.

Bankruptcy No. 81–03510G.
Adv. No. 83–0668G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 1, 1985.

Melvin Lashner, Melvin Lashner Associates, Philadelphia, Pa., for plaintiff/trustee Fred Zimmerman.

Robert A. Kargen, Paul A. Patterson, White & Williams, Philadelphia, Pa., for Cent. Penn Nat. Bank.

Nancy V. Alquist, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for Creditors' Committee.

Fred Zimmerman, Pennsauken, N.J., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue before us in the case at bench is whether we should grant a creditor's motion to dismiss a complaint in which the trustee seeks subordination and the avoidance of a preference. For the reasons expressed below, we will grant the motion and dismiss the complaint.

The facts of this case are as follows:[1] An involuntary petition for relief under

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

chapter 11 of the Bankruptcy Code ("the Code") was filed against the debtor on November 9, 1981, on which an order for relief was entered one month later. A trustee was promptly appointed.

As of the filing of the petition the debtor owed $1,200,000.00 on several loans to one of its creditors, Central Penn National Bank ("Central Penn"), which funds had been used to finance its manufacturing operations. The indebtedness was secured by the debtor's inventory and work in progress as well as by other property. A significant portion of these loans, if not all of them, were guaranteed by the debtor's sole shareholder and chief executive officer, Ludwig Honold ("Honold"), and his wife. Since he was a guarantor, Honold, as chief executive officer of the debtor, often directed the debtor's assets toward the satisfaction of Central Penn's debt prior to the cancellation of other obligations.

During the year preceding the filing of the petition Central Penn suggested to the debtor that a certain portion of its manufacturing business be sold since this line was unduly expensive to operate. Central Penn paid particular interest to the debtor's economic condition during this same period since the bank had become aware of the debtor's developing financial plight. Central Penn ultimately declared the loan in default and ceased advancing further funds. Notwithstanding the close watch by Central Penn and its suggestions to the debtor about its business operations, Central Penn did not overbear the will of the debtor or become its alter ego.

██ Shortly after his appointment, the trustee filed the complaint at issue. The trustee offered his case in chief and Central Penn, prior to presenting its own case, moved for dismissal under Fed.R.Civ.P. 41(b)[2] which is incorporated in this action by Bankruptcy Rule 7041[3]. When the motion to dismiss has been made in a case in this posture, the plaintiff is not entitled to any special inferences in his favor. *Sworob v. Harris*, 451 F.Supp. 96 (E.D.Pa. 1978), *aff'd without opinion*, 578 F.2d 1376 (3d Cir.1978), *cert. den.*, 439 U.S. 1089, 99 S.Ct. 871, 59 L.Ed.2d 55 (1979); *Ellis v. Carter*, 328 F.2d 573 (9th Cir.1964). On the motion at bench, the court's role is to make all necessary credibility judgments and weigh all the evidence to determine whether the plaintiff is entitled to relief based on a preponderence of the evidence. The resolution of this motion differs from the determination of a motion for dismissal made prior to a plaintiff's presentation of his case, in which event we may grant the dismissal only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of his claim. *Hishon v. King & Spalding*, ── U.S. ──, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gib-*

**2.** (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision, and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b)

**3.** Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee and only on order of the court containing terms and conditions which the court deems proper.

**128**

son, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed.1982).

 Under 11 U.S.C. § 510(c)[4] of the Code the trustee requests that we subordinate Central Penn's claim. The court's power of subordination under this provision is, of course, not unlimited and it may be used only under the following circumstances:

(i) The claimant must have engaged in some type of inequitable conduct[;]

(ii) The misconduct must have resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant[; and]

(iii) Equitable subordination of the claim must not be inconsistent with the provisions of the Bankruptcy Act.

*Benjamin v. Diamond* (In Re Mobile Steel Co.), 563 F.2d 692, 700 (5th Cir.1977); *In Re Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir.1980); *In Re Breezewood Acre, Inc.*, 28 B.R. 32, 35 (Bankr.M.D.Pa.1982). Where the claimant is a fiduciary of the debtor, the courts have generally required a showing of fraud, overreaching, inequitable conduct or, in some instances, the violation of the rules of fair play and good conscience by the claimant, in order to warrant subordination of a particular claim. *See, e.g., Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939); *Frasher v. Robinson*, 458 F.2d 492, 493 (9th Cir. 1972), *cert. den.*, 409 U.S. 1009, 93 S.Ct. 443, 34 L.Ed.2d 302 (1972); *In Re Mid-Town Produce Terminal, Inc.*, 599 F.2d 389, 392 (10th Cir.1979). Although the remedy of subordination is most often invoked when the creditor is a fiduciary of the debtor, that relief may be accorded in other circumstances although a more egregious standard of misconduct must be met. *Morgan Guaranty Trust Company of New York v. Rodman* (In Re W.T. Grant Co.), 4 Bankr.Ct.Dec (CRR) 597, 608 (Bankr.S.D.N.Y. July 20, 1978); *Cosoff v. Rodman* (In Re W.T. Grant Co.), 699 F.2d 599 (2d Cir.1983), *cert. den.*, —— U.S. ——, 104 S.Ct. 89, 78 L.Ed.2d 97 (1983). "The primary distinctions between subordinating the claims of insiders versus those of non-insiders lie in the severity of misconduct required to be shown, and the degree to which the court will scrutinize the claimant's actions toward the debtor or its creditors. Where the claimant is a non-insider, egregious conduct must be proven with particularity." *Anaconda-Ericsson Inc. v. Hessen* (In Re Teletronics Services, Inc.), 29 B.R. 139 (Bankr.E.D.N.Y.1983).

 As a general matter, a creditor who is not an insider is under no fiduciary obligation to its debtor or to other creditors of the debtor in the collection of its claim. But in certain instances such a non-insider may be treated as a fiduciary of the debtor and thus be subject to the less stringent standard for allowing subordination. "In the rare circumstance where a creditor exercises such control over the decision-making processes of the debtor as amounts to a domination of its will, he may be held accountable for his actions under a fiduciary standard." *In Re Teletronics*, 29 B.R. at 170; *In Re Prima Co.*, 98 F.2d 952 (7th Cir.1938), *cert. den.*, 305 U.S. 658, 59 S.Ct. 358, 83 L.Ed. 426 (1938). A "non-insider creditor will be held to a fiduciary standard only where his ability to command the debtor's obedience to his policy directives is so overwhelming that there has been, to some extent, a merger of identity. Unless, the creditor has become, in effect, the *alter ego* of the debtor, he will not be held to an

---

**4.** (c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.
11 U.S.C. § 510(c)

ethical duty in excess of the morals of the marketplace." *In Re Teletronics*, 29 B.R. at 171. "The creditor must exercise virtually complete control to be treated as a fiduciary." *Bank of New Richmond v. Production Credit Assoc. of River Falls, Wisconsin*, 42 B.R. 988, 997 (W.D.Wis. 1984).

■ As applied to the case before us the bank lent the debtor a substantial sum and consequently felt responsible to monitor closely the debtor's finances, often on a daily basis. Although the bank offered the debtor suggestions on the operation of its business, we construe this advice to have been simply spawned by prudence; the debtor was under no obligation to accept it. The fact that Honold advanced his interest as a guarantor by satisfying the debtor's obligation to Central Penn prior to other outstanding debts does little to advance the trustee's cause. Such conduct is not, per se, inequitable. Central Penn's threat to declare the loan in default on the debtor's failure to effect certain remedial business measures, does not constitute overreaching and does not entitle the trustee to subordination. We conclude that Central Penn was clearly not a fiduciary of the debtor and that under either the fiduciary or non-fiduciary standard the trustee has failed to establish that Central Penn has engaged in some inequitable conduct sufficient to warrant subordination. Consequently, we will dismiss that portion of the complaint in which the trustee seeks subordination of Central Penn's debt.

■ In the second count of his complaint the trustee asserts a cause of action against Central Penn under 11 U.S.C. § 547(b)[5] of the Code. The trustee avers that during the ninety-day period preceding the filing of the petition, Central Penn's secured claim in the debtor's inventory was enhanced through the augmentation of existing inventory. The trustee claims that Central Penn's security interest is avoidable to the extent it has attached to the enhanced value. In his brief the trustee has failed to present even a pretext of meeting the elements of § 547(b), and thus we will dismiss this aspect of the complaint.

Since none of the trustee's causes of action have withstood Central Penn's motion to dismiss, the complaint will be dismissed *en toto*.

---

5. (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b). This provision was amended by the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, § 462, July 10, 1984, but the amendment is without effect in this action because the petition was filed prior to the running of the ninety day "grace" period following the enactment of the amendment. *See*, Pub.L. No. 98–353, § 553(a) (effective date of amendment). Thus, we have reproduced § 547(b) as it stood prior to the passage of the amendment.