Harold **HAMILTON**

v.

**STILLWELL VAN AND STORAGE CO.,** Appellant in No. 14954,

and

**Dean Van Lines, Inc., Appellant in No. 14955.**

Nos. 14954, 14955.

United States Court of Appeals Third Circuit.

Argued Jan. 19, 1965.

Decided March 16, 1965.

· Alan Kahn, Philadelphia, Pa. (Winokur & Kahn, Philadelphia, Pa., on the brief), for Stillwell Van & Storage Co.

Ned Stein, Comanor & Stein, Philadelphia, Pa., for Dean Van Lines, Inc.

Arthur E. Newbold, III, Philadelphia, Pa. (John P. Mason, Philadelphia, Pa., Dechert, Price & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.

PER CURIAM.

These appeals are from the order of the district court of April 24, 1964, denying defendants' motions for judgment notwithstanding the verdict or for a new trial.

 The case was tried to the court. We agree with the district court that plaintiff established the condition, quality and value of his goods (which were destroyed by fire while in the possession of the defendants) by the best evidence available to him. We are satisfied that these proofs fairly support the verdict rendered with two exceptions, later noted. We agree with the district court that the proofs establish that defendant Stillwell, acting as Dean Van Lines' undisclosed agent, contracted to obtain insurance for plaintiff on his property in the sum of $10,000 and failed to do so. We agree with the district court that the limitation of liability agreement was of no effect here because the defendant's conduct in obtaining that agreement was not "fair, open, just and reasonable". Adams Express Co. v. Croninger, 226 U.S. 491, 509, 33 S.Ct. 148, 57 L.Ed. 314 (1913).

 To save time it was agreed by the parties through their attorneys that if plaintiff testified to the value of his various destroyed articles his total valuation for same would amount to $11,-948. It was further agreed that, included in that total, would be a valuation of $1,000 for additional miscellaneous arti-

cles. The valuation list which was marked P-3 in evidence was not actually totalized. Two items on P-3, 950 photo color slides and 1 album of family pictures were not given separate evaluations. That omission was not noticed until after the appeals had been taken. The total of the stated value of the items on P-3 is $8,948 which, plus the agreed figure of $1,000, plaintiff's valuation of additional miscellaneous articles, comes to $9,948. Under the circumstances, there is a failure of proof in the sum of $2,000. The amount of plaintiff's estimate of the value of the additional miscellaneous articles is challenged by appellants. We consider that plaintiff's proof with reference to this was properly accepted by the court.

The transcript shows that on January 21, 1964, after the judge had announced his verdict on the question of damages "in the sum of $11,948 in favor of the plaintiff and against both defendants," he stated "The clerk is directed to enter judgment on the verdict." The question of interest was then raised by plaintiff's attorney. This was resolved by the judge allowing 6% interest on the $11,948 from the date of the loss, February 4, 1961. The court then said to plaintiff's attorney, "You can submit to the Clerk the amount of interest so they won't have to compute it." That interest computation was not given the clerk, consequently the total amount of the judgment was never actually calculated or entered in the clerk's record.

Clearly, there was final disposition of the action in the district court. All that is lacking is the ministerial entry of the judgment by the clerk as required by Rule 60(b) Fed.R.Civ.P. At most this is a clerical error or oversight or omission within Rule 60(a). The appeals as has been stated are from a final order denying the defense motions for judgment notwithstanding the verdict. We think it is wise judicial administration under the particular facts to deal finally with these appeals now instead of first remanding them for the formal entry of judgment. Cf. Crosby v.

Pacific S.S. Lines, 133 F.2d 470 (9 Cir. 1943); 7 Moore Federal Practice ¶ 60.06 at p. 4054.

The amount awarded in the district court will be modified by reducing the principal sum allowed from $11,948 to $9,948 with interest on the latter from the date of the loss, February 4, 1961 as granted by the district court and as so modified the said order of the district court of April 24, 1964 will be affirmed. Prior to the entry of the judgment as above modified, the district court clerk will, of course, formally enter judgment in the amount of the original verdict plus interest thereon from February 4, 1961.