**In the Matter of CALPA PRODUCTS COMPANY, Bankrupt.**

**No. 27804.**

United States District Court
E. D. Pennsylvania.

Nov. 3, 1967.

Zion, Charen & Blount, Philadelphia, Pa., for petitioner.

Samuel Marx, Philadelphia, Pa., referee.

## MEMORANDUM

FULLAM, District Judge.

In this bankruptcy proceeding, the petitioner, Peter Zion, Esq., asserted a claim for counsel fee and disbursements in connection with legal services performed on behalf of the bankrupt estate. The Referee denied the claim for counsel fees, and awarded only a small portion of the reimbursement of costs claimed, and the matter is now before this court for review of the Referee's decision.

Our scope of review is limited. While the "clearly erroneous" test is not applicable, we are required to sustain the Referee's findings if there is evidence in the record sufficient to form a reasonable basis for the findings. In re Arbycraft Co., 288 F.2d 553 (3d Cir. 1961); In re Calpa Products Company, 249 F.Supp. 71 (E.D.Pa.1965).

The petitioner claims that by reason of his efforts, the fees claimed by other counsel in the matter, representing the receiver, the bankrupt and the trustee, were reduced, thus saving the estate more than $2,000; and that by reason of his efforts to cause the disallowance of certain creditors' claims, these claims were subordinated. It may be noted in passing that the subordination of claims would seem to be of greater interest to the other creditors, whom the petitioner also represented, than to the estate.

The Referee held that the petitioner could not be paid a counsel fee by the estate, since he had never been appointed by the court. General Order No. 44, 11 U.S.C.A. following § 53, contains explicit provisions to that effect. The Referee was quite clearly correct. In re National Tool & Mfg. Co., 209 F. 2d 256 (3d Cir. 1954). The Referee found, with respect to disbursements, that the disallowed portion of these disbursements arose in connection with fruitless attempts to obtain appellate review by the Supreme Court of the United States and that these appeals had never been authorized or joined in by the trustee. There is ample evidence to support these findings, and we have no alternative but to affirm the Referee's decision.