**In the Matter of CALPA PRODUCTS COMPANY, Bankrupt.**

**Betty G. Zion, Ruth Zion Bressler and Victor A. Bressler, Co-Executors under the Will of Peter P. Zion, Esquire, Deceased, Appellants.**

**No. 17036.**

United States Court of Appeals Third Circuit.

Argued April 21, 1969.

Decided June 3, 1969.

Lynwood F. Blount, Zion, Charen & Blount, Philadelphia, Pa., for appellants.

Samuel Marx, Philadelphia, Pa., for appellee.

Before HASTIE, Chief Judge, and FREEDMAN and STAHL, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

An attorney who represents both a wage claimant and another creditor of a bankrupt is here appealing from an order denying him any compensation and certain reimbursements out of the bankrupt estate.

 Though the appellant had requested that he be appointed co-counsel for the trustee, the referee had refused to make the appointment. The record does indicate that despite this lack of status the claimant rendered some service of the type normally rendered by the attorney for the trustee in furtherance of the proper administration of the bankrupt estate. However, the failure of counsel to obtain appointment as attorney for the trustee in accordance with General Order No. 44, bars the requested payment of a fee from the bankrupt estate. *Cf.* In re National Tool and Mfg. Co., 3d Cir. 1954, 209 F.2d 256; In Matter of Hydrocarbon Chemicals, Inc., 3d Cir. March 13, 1969, 411 F.2d 203.

 The evidence adequately supports the referee's finding that the claimed disbursements arose in connection with fruitless attempts, in which the trustee did not join, to have a decision reviewed by the Supreme Court. In re Calpa Products Co., E.D.Pa.1965, 249 F.Supp. 71, aff'd 3d Cir. 1965, 354 F.2d 1002, cert. denied Grasberger v. Calissi, 383 U.S. 947, 86 S.Ct. 1204, 16 L.Ed.2d 209. We agree with the district court that the bankrupt estate should not be charged with these disbursements, 275 F.Supp. 103.

The judgment will be affirmed.