**In re Gerald Thomas MORK, a/k/a G. T. Mork, Debtor.**

**Bankruptcy No. 4-80-1095(O).**

United States Bankruptcy Court, D. Minnesota.

May 7, 1982.

Leonard T. Juster, Minneapolis, Minn., for applicants.

Steven B. Nosek, Minneapolis, Minn., for trustee.

Bruce Faulken, Minneapolis, Minn., for creditors' committee.

Hendrik De Jong, Minneapolis, Minn., for Northwestern Nat. Bank.

## MEMORANDUM AND ORDER

KENNETH G. OWENS, Bankruptcy Judge.

This matter is before the court on the application of the firm Goldfein, Silverman & Olson, Ltd. for allowance of interim accountant fees in the sum of $18,340.00.

A hearing was held on the application on appropriate notice on March 25, 1982. The debtor was present but there was no appearance by either his original or substituted counsel.

The threshold question in connection with consideration of the application is whether any allowance is possible in view of the absence of authority for the original retention of the accountants. Debtor's original voluntary petition under Chapter 11 of the Bankruptcy Code was filed on July 25, 1980, and all of the accounting services were rendered commencing August 2, 1980 through November 25 of that year. The services were rendered without prior approval or order authorizing retention of the accountants. Almost one year later when the applicant firm became aware of the lack of authorization it retained its present counsel who took steps to have a belated order entered on October 22, 1981 authorizing their employment, which order was requested and entered as a prospective order only and without intent of a retrospective operation.

Accordingly the court is presented with the question whether it may authorize compensation of the accountants as an administrative expense absent a precedent order authorizing or approving retention and whether the device of an order nunc pro tunc may be employed to achieve that end. Other collateral questions whether some of the accounting services should properly be assigned to another entity, the amount of benefit conferred thereby, and otherwise, are subordinate to those primary considerations.

## DISCUSSION

This case was commenced after the advent of the Bankruptcy Code and the debtor in this case as debtor-in-possession has the rights, powers, and limitations applicable to a trustee, 11 U.S.C. § 1107. A trustee with respect to the employment of professional persons is governed by 11 U.S.C. Section 327 which provides that "with the

court's approval" the trustee may employ accountants not representing any adverse interest and who are disinterested. If the person be so employed the court may allow compensation, either on the terms of retention provided such are reasonable terms and conditions of employment, or otherwise. See 11 U.S.C. Section 328(a).

The term "the court's approval" is not otherwise defined and except for a repetition of that phrase the legislative history is otherwise uninformative. See Historical and Revision Notes to Section 327, West, 1981 ed., Title 11 U.S.Code, Bankruptcy. The preliminary draft of proposed new Bankruptcy Rules promulgated by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, March 1982, deals with the matter of such employment in Rule 2014(a), which reads as follows:

"Rule 2014. Employment of Professional Persons

(a) ORDER OF EMPLOYMENT. An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professional persons pursuant to Section 327 or Section 1103 of the Code shall be made only on application of the trustee or committee, stating the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for his selection, the professional services to be rendered, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants."

It is not entirely clear from the mere text or legislative history whether Section 327(a), and the proposed rule, mandate that the court "approved" retention must antedate the rendition of services for them to be compensable. It seems appropriate to briefly review the pre-Code treatment of the matter. Under the Bankruptcy Act, as prescribed by General Order No. 44 promulgated by the Supreme Court, the retention of attorneys was only upon court order authorizing employment based upon a detailed verified petition as to necessity, qualifica-

tion, and lack of interest. Retention of accountants was governed by General Order No. 45 providing as follows:

"AUCTIONEERS, ACCOUNTANTS AND APPRAISERS

No auctioneer or accountant shall be employed by a receiver, trustee or debtor in possession except upon an order of the court expressly fixing the amount of the compensation or the rate or measure thereof. The compensation of appraisers shall be provided for in like manner in the order appointing them."

In the Eighth Circuit the law was clearly established as to attorney applications that in the absence of full compliance with the General Orders and a prior order of appointment based upon a proper petition or application, no compensation was allowable, and trustee paying compensation was subject to surcharge. *Albers v. Dickinson*, 127 F.2d 957 (8th Cir., 1942). Vol. 3A, Collier on Bankruptcy, 14th ed., Sec. 62.12, p. 1463 and footnote 21 thereto.

That rule was uniformly and without exception applied in the bankruptcy court in the District of Minnesota under the Bankruptcy Act. Decisions and orders under the Bankruptcy Act were not reported. However, the application of the rule as to attorneys is illustrated by an order entered October 15, 1968 in the matter of Nides Finance Company, Inc. and related cases, 5–67 BKY 284 and related, and as to accountants in order entered July 18, 1967 in Tonka Fixtures, Inc., 4–63 BKY 1590.

No change was accomplished when the General Orders were superseded by the Bankruptcy Rules, Bankruptcy Rule 215 explicitly requiring as to both attorneys and accountants a specific application and court order. That rule was made applicable to proceedings under Chapter 11 in Bankruptcy Rule 11–22.

█ In all of these pronouncements by statute, general order, rule, and case law runs a thread. It has been the consistent practice and requirement that professional persons are not entitled to compensation out of an estate unless an order is obtained approving the initial retention, the self-evi-

dent purpose being to permit a prior oversight into the necessity and the legality of terms of employment. The interchangeable use of the terms "order" and "approval" indicate no change in intention and effect.

 The remaining question is whether the designation of a subsequent order as "nunc pro tunc" may accomplish the same objective. I conclude that as here not only absent an order, but absent any communication with the court whether or not resulting in an order, sufficient to apprise the court as to the intended retention and its necessity and terms, the court is without power to undo what has been done. While there may be some confusion in terminology, the—

> "* * * purpose of a nunc pro tunc order is to record a prior but unrecorded act of the court so that the record will truly show the action really had but not truly recorded through inadvertence or mistake. *In other words, it is an order designed to make the record speak the truth and it does not indicate the existence of the power to enter an order to record that which was omitted to be done.* It cannot be made to supply an omission to make an order but only an omission in the record of the order."

"While there are many Federal and State authorities dealing with the nunc pro tunc rule, the following decisions are sufficiently illustrative for present purposes: *Application of Andrews*, 175 Neb. 222, 121 N.W.2d 32; *Hampshire Arms Hotel Co. v. Wells*, 210 Minn. 286, 298 N.W. 452; *Sebel Co. v. Hessee*, 10 Cir., 214 F.2d 459. In 'Sebel' the court held that the latin phrase 'nunc pro tunc', with reference to an order, does not involve the equity jurisdiction of the court but is merely descriptive of the inherent power of the court to make its records speak the truth, and *does not indicate existence of a power to enter an order to record that which was omitted to be done.*" See the order in "Nides", supra. (emphasis in original).

If this case involved a mere failure to record action of the court actually taken, a nunc pro tunc order might have a function to perform. See *Matter of Laurent Watch Co., Inc.*, 539 F.2d 1231 (9th Cir. 1976), but absent such prior determination, as indicated in the dissent in that case, the policy of the statutes, orders, and rules do not permit a retrospective grant of authority. See *In the Matter of Schatz Federal Bearings Company, Inc.*, 17 B.R. 780, 8 B.C.D. 912 (Bkrtcy.S.D.N.Y.1982).

The predicament of the accountants in the present case is of course unfortunate and appealing. However this court cannot supply the prior order which the debtor's counsel by inattention failed to obtain.

ACCORDINGLY, IT IS ORDERED that the application of Goldfein, Silverman & Olson, Ltd. for allowance of interim accountant fees must be and the same hereby is denied.

To accommodate to counsels' consideration of this order, entry hereof is stayed for a period of ten (10) days.