**In re WFDR, INC., Debtor.**

**Bankruptcy No. 80–00136N.**

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

July 29, 1982.

Margaret H. Murphy, Joel B. Piassick, Smith, Cohen, Ringel, Kohler & Martin, Atlanta, Ga., for petitioner.

Michael S. Haber, Atlanta, Ga., for respondent.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the objection to the application for payment of administrative expenses by Professor Curtis Tate, Jr. and the corresponding objections to Professor Tate's proof of claim. Professor Tate alleges in his application that he has performed valuable services to the debtor during the pendency of the above-styled reorganization proceeding. Mr. Tate seeks $25,000.00 as compensation for these services.

11 U.S.C. § 327(a) addresses the question of employment of professional persons. This section of the Bankruptcy Code states:

"Except as otherwise provided in this section, the trustee *with the court's approval*, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons..." [emphasis added].

One commentator on the Bankruptcy Code, in discussing the requirement of approval by the Court for the employment of professional persons, states:

"When there is no compliance with the Code or rules, there is no right to compensation. The services for which compensation is required must have been performed pursuant to appropriate authority under the Code and in accordance with an order of the court." 2 *Collier on Bankruptcy* ¶ 327.02, p. 327–5.

While the application of this standard in the instant case may work a harsh result, this is not the first case in which this has occurred. See *In re International Horizons, Inc., et al.*, 15 B.R. 798 (Bkrtcy.N.D.Ga., 1981).

On April 23, 1982, a hearing was held on the objection to the proof of claim filed by Professor Tate in the instant case. At that hearing, the evidence presented showed that Professor Tate had not received or sought Court approval for his employment as a management consultant in this reorganization proceeding. Pursuant to the direction of 11 U.S.C. § 327, the debtor's motion for directed verdict made at the April 23, 1982 hearing is granted and the debtor's objection to Professor Tate's proof of claim is sustained.

IT IS SO ORDERED.