**In re Arvel GLINZ and Marjorie Glinz and Bruce Glinz and Cecelia Glinz, Debtors.**

**Bankruptcy Nos. 83–05040, 83–05121.**

United States Bankruptcy Court, D. North Dakota.

Nov. 9, 1983.

Kraemer, Beauchene & Associates, P.C., Fargo, N.D., for debtors.

Max Rosenberg, Bismarck, N.D., for Arvel and Marjorie Glinz.

Daniel Wentz, Fargo, N.D., for Creditor's Committee.

## MEMORANDUM AND ORDER

WILLIAM A. HILL, Bankruptcy Judge.

In the instant cases, Kraemer, Beauchene and Associates, P.C., as attorneys for the Debtors, filed an application for fees in each of the above cases on August 25, 1983. The U.S. Trustee objected noting that the attorneys had failed to comply with the provisions of § 327 requiring prior court approval. On November 2, 1983, the firm filed its application for an order "nunc pro tunc" authorizing their employment effective January 28, 1983.

Section 327 provides, in part:

(a) Except as otherwise provided in this section, the trustee, *with the court's approval,* may employ one or more attorneys, accountants, appraisers, auctioneers, or others professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

\*     \*     \*     \*     \*     \*

From a straightforward reading of this section, it is clear that a debtor is not authorized to employ an attorney unless the Bankruptcy Court approval has been first obtained. Courts have uniformly held "that an attorney cannot receive compensation where no order has been entered authorizing the employment". *Albers v. Dickinson,* 127 F.2d 957 (8th Cir.1942).

The issue before us is whether the rule, by express terms or implication, also prohibits the granting of "nunc pro tunc" approval after the attorney has already provided his services. In other words, must § 327 be so

inflexible and absolute in application that a bankruptcy court may not under any circumstances approve an attorney's appointment. The basis for an inflexible approach was first expressed in the Supreme Court Case of *In re Eureka Upholstering Co.,* 48 F.2d 95 (2nd Cir.1931) where it was felt necessary to avoid serious abuses. While such an inflexible approach doubtless produces a harsh result for the attorney who has probably devoted numerous beneficial hours to the estate, the rule came to be that where there has been no compliance with the rules there is no right at all to compensation. *See 2 Collier on Bankruptcy,* ¶ 327.-92.

This inflexible position has been taken by some bankruptcy courts to exclude any nunc pro tunc approval of employment, regardless of the time or effort of the attorney or the circumstances of the particular case. *Re Johnson,* 21 B.R. 217 (Bkrtcy.D. Colo.1982); *In re Rene Press, Inc.,* 23 B.R. 381 (Bkrtcy.D.Mass.1982), citing Colliers, supra. Our own sister jurisdiction of Minnesota has also fallen in with those who would maintain an inflexible approach. In the 1982 case of *In re Mork,* 19 B.R. 947 (Bkrtcy.Minn.1982), Judge Owens traced the history of the law with respect to the employment of professional persons and noted the universal request of court approval prior to initial retention. The purpose of a nunc pro tunc order is to correct a prior but unrecorded act of the court, hence such an order cannot be used to correct or supply a prior omission. Accordingly, where there has never been any prior approval, the omission cannot be corrected by a nunc pro tunc order.

Other jurisdictions are not so strict in their approach and have permitted nunc pro tunc appointments, for good cause shown. *Stolkin v. Nachman,* 472 F.2d 222 (7th Cir. 1973); *In re King Electric Co.,* 19 B.R. 660 (Bkrtcy.E.D.Va.1982). The *Stolkin* court perceived there to be an overriding equitable consideration that governs the exercise of bankruptcy jurisdiction. The recent appellate decision of *Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir.1983)

agreed with the equity approach enumerated in *Stolkin* and went on to hold that those principles of equity permit a bankruptcy judge in the exercise of sound discretion to authorize, "nunc pro tunc", the employment of an attorney for the debtor, even after the attorney has performed services.

It is the posture of this Court that the flexible approach is the preferable, and that consideration may be given to the entry of a nunc pro tunc order of appointment, particularly where its refusal would be inequitable and unfair in its consequences to an attorney who quite probably has labored honestly and diligently for the benefit of the estate and who by mere unintended oversight neglected to apply for pre-employment approval.

The Court is satisfied from a review of the file and the brief of the applicant filed on November 2, 1983, that an order nunc pro tunc authorizing their employment is appropriate, therefore

IT IS ORDERED that the firm of Kraemer, Beauchene & Associates, P.C. be and is hereby authorized to represent the interests of Bruce and Cecelia Glinz effective January 28, 1983, and the interests of Arvel and Marjorie Glinz effective January 25, 1983.