In re WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Russ Craft Greeting Card Publishers, Debtor. (Three Cases)

WINDSOR COMMUNICATIONS GROUP, INC. t/a Norcross-Russ Craft Greeting Card Publishers, Plaintiff,

v.

ROGERS & ROGERS, INC., Defendant. (Three Cases)

In re WINDSOR COMMUNICATIONS GROUP

v.

ROGERS & ROGERS, INC.

Civ. A. No. 86–0586.
Misc. Nos. 85–730, 85–753 and 85–767.
Bankruptcy No. 82–03714k.
Adv. No. 82–0490.

United States District Court
E.D. Pennsylvania.

July 9, 1986.

See also, Bkrtcy., 63 B.R. 767.

Mary F. Walrath, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for plaintiff.

Edward I. Swichar, Black, Rome, Comisky & McCauley, Philadelphia, Pa., for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

This appeal from the Bankruptcy Court by the defendant in an adversary proceeding challenges certain orders entered on November 14 and 27, 1985. Because the Bankruptcy Court erred in granting plaintiff's motion for partial summary judgment on liability, we vacate the orders that are the subject of this appeal and take under advisement until ready for decision the motions subsequently filed in this court.

### I. *The Adversary Proceeding*

On August 5, 1982, an involuntary petition under Chapter 7 of the Bankruptcy Code was filed against Windsor Communications Group, Inc., t/a Norcross-Russ Craft Greeting Card Publishers ("Windsor" or "plaintiff"). On August 25, 1982, Windsor converted the proceeding to one under Chapter 11 of the Bankruptcy Code and operated thereafter as a debtor in possession pursuant to 11 U.S.C.A. §§ 1107 and 1108 (West 1979).[1]

On August 21, 1984, Windsor filed an adversary "Complaint for Turnover and Accounting of Property of the Estate" against Rogers & Rogers, Inc. ("Rogers & Rogers" or "defendant") in the Bankruptcy Court. Rogers & Rogers is engaged "in the business of commercial collection of debts such as trade accounts receivable." (Complaint, ¶ 2; Answer, ¶ 2). Defendant timely filed an answer raising various defenses.

On March 21, 1985, Windsor moved for partial summary judgment on liability and an order directing "defendant to turn over to the plaintiff, and provide an accounting of, all accounts receivable files and any funds related thereto which were collected post-bankruptcy and which have not previously been remitted to plaintiff." (Plaintiff's Motion for Partial Summary Judgment, Prayer for Relief). Plaintiff also requested a trial on damages. (*Id.*) Defendant responded timely to plaintiff's motion and in its response made a cross-motion for summary judgment on liability in its favor. The Bankruptcy Court held argument on plaintiff's motion for partial summary judgment before plaintiff had responded to defendant's cross-motion. It had not yet responded on November 14, 1985 when the Bankruptcy Court filed an Opinion and Order granting plaintiff summary judgment on liability and further

ORDERED that the Defendant shall forthwith turn over to the Plaintiff any and all accounts receivable files and documents related to account debtors of the Plaintiff; and it is further

ORDERED that the Defendant shall forthwith remit to the Plaintiff any and all funds collected since the commencement of the Plaintiff's bankruptcy proceeding on August 5, 1982, in connection with those accounts receivable and not remitted to the Plaintiff, and that it provide an accounting to the Plaintiff for any and all funds collected from account debtors of the Plaintiff during that time; and it is further

ORDERED that a trial is hereby scheduled ... to consider the sole re-

1. The substantive amendments of the Bankruptcy Amendments and Federal Judgeship Act of 1984 are inapplicable to this proceeding because it was commenced prior to their effective date.

maining issue of the amount of damages, if any, which are due to the Plaintiff from the Defendant.

*In re Windsor Communications Group, Inc.*, Bankruptcy No. 82–03714K, Adv. No. 84–0940K (Bankr.E.D.Pa. November 14, 1985) (Order). (The opinion of the Bankruptcy Court is reported as *In re Windsor Communications Group, Inc.*, 54 B.R. 844 (Bankr.E.D.Pa.1985) (hereinafter *"Windsor "*).) On November 27, 1985, upon motion of plaintiff, the Bankruptcy Court clarified its order of November 14, 1985 with regard to the contents and deadline for the accounting required of defendant.

Upon motion of defendant, this court ordered an evidentiary hearing on defendant's motion for stay pending appeal of the Bankruptcy Court's orders of November 14 and 27, 1985, and issued a written order staying the Bankruptcy Court's orders without bond pending further proceedings in this court. (This stay has been renewed without bond pending disposition of the appeal.) Defendant was granted leave to appeal pursuant to 28 U.S.C.A. § 158(a) (West.Supp.1986) and Bankr.R. 8001(a), or, in the alternative, pursuant to 28 U.S.C.A. § 158(b) (West Supp.1986) and Bankr.R. 8001(b). *See In re Amatex Corp.*, 755 F.2d 1034 (3d Cir.1985). This court now has reviewed the testimony and exhibits, the briefs and arguments of the parties as well as the Bankruptcy adversary proceedings and now decides the appeal on the merits.

## II. *Summary Judgment*

The defendant is a commercial collection agency engaged by plaintiff (and its predecessor) since 1934 to assist in collection of plaintiff's accounts receivable. (Complaint, ¶¶ 2 and 4; Answer, ¶¶ 2 and 4; Plaintiff's Motion for Partial Summary Judgment, Ex. C; Defendant's Answer in Opposition to Plaintiff's Motion for Partial Summary Judgment and Defendant's Cross Motion for Summary Judgment, Ex. A and Ex. B). The Complaint alleges that plaintiff terminated defendant's services after the commencement of plaintiff's reorganization proceedings because defendant failed to provide requested information regarding the status of plaintiff's accounts. (Complaint, ¶¶ 6–8). Count I of the complaint

seeks return of any of plaintiff's accounts receivable files in the possession of defendant or any attorneys retained by defendant to effectuate collections. Count II alleges that the defendant failed to obtain the Bankruptcy Court's prior approval of its employment after the involuntary petition was filed, as purportedly required by 11 U.S.C.A. §§ 327 and 1107 (West 1979). Count III alleges, *inter alia,* that the commissions defendant retained were excessive, that defendant and the attorneys it engaged acted as volunteers, and that some of the services it provided were unnecessary, duplicative, and contrary to plaintiff's best interests. Count IV of the Complaint alleges that defendant's conduct hindered plaintiff in collection of its accounts receivable.

Defendant's Answer denies that plaintiff terminated defendant's services, and asserts, *inter alia,* the defenses of estoppel and laches. Defendant claims plaintiff is estopped because defendant justifiably relied on plaintiff's request to continue its collection services after the bankruptcy petition was filed. Defendant also claims plaintiff is seeking to recover sums not in the possession of defendant but in the possession of unnamed local attorneys not parties to this proceeding.

Plaintiff's motion for partial summary judgment argues that defendant is a "professional person" within the meaning of 11 U.S.C.A. §§ 327 and 330 (West 1979) who is not entitled to retain commissions without prior approval of its employment by the Bankruptcy Court. Therefore, plaintiff claims it is entitled to the turnover of its property under 11 U.S.C.A. § 542 (West 1979).

Defendant denies that it is a "professional person" and contends that even if it were a professional person, genuine issues of material fact regarding defendant's equitable defenses preclude summary judgment on liability in plaintiff's favor.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c) (which is made applicable to bankruptcy adversary proceedings by Bankr.R. 7056); *Windsor,* 54 B.R. at 845. A court must resolve any doubts as to the existence of genuine issues of material fact against the moving party. *F.D.I.C. v. Blue Rock Shopping Center, Inc.,* 766 F.2d 744, 745 (3d Cir.1985); *Windsor,* 54 B.R. at 845.

On appeal from the Bankruptcy Court, the District Court may set aside factual findings that are "clearly erroneous." Bankr.R. 8013; *In re Morrissey,* 717 F.2d 100, 104–05 (3d Cir.1983). Bankruptcy Rule 8013 accords the findings of fact of the Bankruptcy Court judge the same weight given on appeal to the findings of fact of a District Court judge pursuant to Fed.R.Civ.P. 52. Bankr.R. 8013 (Advisory Committee Note). However, the District Court makes its own determination of the validity of the legal conclusions of the Bankruptcy Court without applying any presumption of correctness. *See Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98, 102 (3d Cir.1982). Whether summary judgment should be granted is an issue of law.

> The Bankruptcy Court found that:
> Windsor and Rogers had an ongoing relationship for a period of years prior to the filing of the involuntary petition. At the time the petition was filed, Rogers was in the process of collecting debts for Windsor. Rogers continued its activities on behalf of Windsor after the petition was filed. Although Rogers was aware of the pending bankruptcy case, Rogers did not seek or obtain a court order authorizing it to continue to collect Windsor's accounts receivable.

*Windsor,* 54 B.R. at 845 (footnote omitted). This court accepts those findings.

The Bankruptcy Court held that defendant is a "professional person" for purposes of 11 U.S.C.A. §§ 327 and 330 (West 1979).

*Windsor,* 54 B.R. 848–49. The Bankruptcy Court also held that there is an "absolute" rule in the Third Circuit that employment of a professional person must be authorized by the Bankruptcy Court in advance in order for that person to be entitled to compensation from the estate and that defendant's equitable defenses were legally irrelevant. *Id.* at 845–48. Therefore, the Bankruptcy Court found that although whether Windsor or its counsel authorized Rogers & Rogers to continue to act after the bankruptcy petition was filed was disputed, it was immaterial in ruling on the motion for partial summary judgment. *Id.* at 845 n. 3. This court agrees that this issue of fact is disputed but not that it is immaterial to the issues of law under consideration.

### III. *Professional Persons*

The Bankruptcy Code permits a trustee or debtor in possession[2] to employ "professional persons" with the approval of the Bankruptcy Court.

### § 327. Employment of professional persons

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C.A. § 327(A) (West 1979) ("§ 327(a)"). This provision is interpreted as normally requiring prior approval for such employment. *See, e.g., In the Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280, 1283 (5th Cir.1983); *In re Ewing,* 54 B.R. 952, 954 (D.Colo.1985); *United States ex rel. Kraft v. Aetna Casualty & Surety Co.,* 43 B.R. 119, 122 (M.D.Tenn.1984); *In re Olson,* 36 B.R. 74, 75 (D.Neb.1983); *In re Cormier,* 35 B.R. 424, 425 (D. Maine

---

**2.** Subject to certain limitations not relevant to this litigation, a debtor in possession has the same rights, powers and duties as a trustee, 11 U.S.C.A. § 1107 (West 1979), so plaintiff's status as a debtor in possession rather than a trustee does not alter the applicability of 11 U.S.C.A. § 327 (West 1979).

1983); *Kressel v. Kotts*, 34 B.R. 388, 391 (D.Minn.1983), *aff'd sub nom. Kotts v. Westphal*, 746 F.2d 1329 (8th Cir.1984); *Hunter Savings Assoc. v. Baggott Law Offices Co., L.P.A.*, 34 B.R. 368, 373 (S.D. Ohio 1983).

█ The Bankruptcy Court never authorized plaintiff to employ defendant after the bankruptcy petition was filed. *Windsor*, 54 B.R. at 845. Defendant contends that no such authorization was required because § 327(a) applies only to "attorneys, accountants, appraisers, auctioneers, or other professional persons...." 11 U.S. C.A. § 327(a) (West 1979). The court rejects plaintiff's argument that § 327(a) also applies to non-professionals if they retain counsel in connection with their activities on behalf of the estate. The circumstances under which local attorneys were retained for plaintiff's collection work and by whom they were engaged has not been established. *Compare, e.g.*, Plaintiff's Motion for Partial Summary Judgment, Ex. C. (Defendant's Answer to Interrogatory No. 13(a)) *with* Brief for Plaintiff/Appellee at 10–11).

The Bankruptcy Court did not make specific findings regarding the retention of local counsel. Plaintiff's argument that § 327(a) should apply to non-professionals who hire counsel in order to prevent "end runs" around the statute is misplaced. A trustee or debtor in possession may reject executory contracts with court approval, 11 U.S.C.A. § 365 (West 1979 and Supp.1986) and prevent parties with whom it has contractual relations from retaining counsel on the behalf of the estate. Speculation about factual situations in which it may be desirable to extend the scope of a law enacted by Congress does not authorize this court to legislate. To the extent that defendant's retention of local counsel raises equitable concerns, it would be inconsistent to extend § 327 for equitable considerations while absolutely barring equitable defenses. If defendant is not a professional person, its

retention of local counsel *per se* does not make it one.[3]

Some bankruptcy cases apply § 327(a) to "professional persons" who do not fall within the four specific categories of professionals mentioned is § 327(a). *See, e.g., In re Roberts*, 58 B.R. 65 (Bankr.D.N.J. 1985) (realtors); *In re Continental Nut Co.*, 44 B.R. 48 (Bankr.E.D.Cal.1984) (real estate broker); *In re Manning*, 43 B.R. 712 (Bankr.W.D.Va.1984) (indenture trustee); *In re Pathway, Inc.*, 41 B.R. 400 (Bankr.D. Hawaii 1984) (real estate broker); *In re Norman*, 41 B.R. 8 (Bankr.M.D.Ala.1984) (real estate broker); *In re Century Foods, Inc.*, 39 B.R. 602 (Bankr.M.D.Pa.1984) (real estate broker); *In re Sergio, Inc.*, 39 B.R. 522 (Bankr.D.Hawaii 1984) (real estate broker); *In re Clapp*, 36 B.R. 768 (Bankr.D. Hawaii 1984) (real estate broker); *In re Zeus America Management Consultants, Inc.*, 27 B.R. 853 (Bankr.N.D.Ohio 1983) (private investigator); *In re WFDR, Inc.*, 22 B.R. 266 (Bankr.N.D.Ga.1982) (management consultant); *In re Holiday Mart, Inc.*, 18 B.R. 212 (Bankr.D.Hawaii 1982) (architect); *In re Matter of Schatz Federal Bearings Co., Inc.*, 17 B.R. 780 (Bankr.S.D. N.Y.1982) (former directors of debtor corporation acting as financial consultants). However, it does not appear that the issue of professional person status was contested in any of these cases; § 327(a) has been applied with little or no discussion of the term "professional person." *Cf. In re Johns-Manville Corp., et al.*, 60 B.R. 612 (Bankr.S.D.N.Y.1986) (lobbyists retained in the ordinary course of business are not professional persons under § 327(a)); *In re Four Star Music Co., Inc.*, 42 B.R. 191, 194 (Bankr.M.D.Tenn.1984) (noting the question but not resolving whether a bookkeeper is a professional person under § 327(a)); *In the Matter of Seatrain Lines, Inc.*, 13 Bankr. 980, 981 (Bankr.S.D. N.Y.1981) (rejecting the argument that maritime engineers who did not play a central role in the administration of the bank-

---

**3.** Local counsel themselves may be subject to § 327(a), but plaintiff has not made any attorneys parties to this action.

ruptcy were professional persons under § 327(a)).

The cases applying § 327(a) relied on by the Bankruptcy Court are of limited persuasive value not only because the issue was neither contested nor discussed but also because those cases typically involve an individual who is a licensed professional or who has an advanced degree related to his or her employment and the defendant here is only a collection agency.

■ The Bankruptcy Court relied on the following "facts" in concluding that defendant is a professional person:

(1) defendant was "intimately involved" with the administration of the bankruptcy;

(2) defendant is a collection agency;

(3) defendant retained local counsel to assist in the collection of plaintiff's accounts receivable; and

(4) defendant performed a role analogous to that of a management consultant that was engaged by plaintiff with the approval of the Bankruptcy Court.

These factual premises are mostly contested; there are disputes as to the extent of defendant's involvement with the administration of the bankruptcy, its collection practices, the circumstances under which local counsel were retained, and the extent to which defendant's role was analogous to that of the management consultant. Plaintiff's argument that there are no genuine issues of material fact with regard to whether defendant is a professional person rests almost exclusively on citations to the arguments of plaintiff's counsel before the Bankruptcy Court. Brief for Plaintiff/Appellee at 15. Similarly, plaintiff's argument that the Bankruptcy Court did not err by relying on facts outside or not supported by the record also rests largely on citations to arguments of plaintiff's counsel before the Bankruptcy Court. *Id.* at 17.

Summary judgment on liability is inappropriate on such a record.

Whether a collection agency is a professional person for purposes of § 327(a) appears to be a case of first impression.[4] The record in this action does not support the conclusion that this collection agency is a professional person. This is not to suggest that a collective entity can never be a professional person; although the Bankruptcy Code does not define the term "professional person," it does define the word "person" to include partnerships and corporations (although generally not governmental units). 11 U.S.C.A. § 101(30) (West 1979); 11 U.S.C.A. § 101(33) (West Supp.1986). Law firms and certain other professional partnerships and corporations may fall within § 327(a). Nevertheless, there is no justification of record for holding that a collection agency is a "professional person" rather than an ordinary business. The only citations in plaintiff's brief supporting its argument that a collection agency is a professional person are references to arguments of plaintiff's counsel before the Bankruptcy Court. Brief for Plaintiff/Appellee at 11–12.

If defendant is not a professional person, then this dispute is generally governed by the law on executory contracts of a debtor. 11 U.S.C.A. § 365 (West.1979).[5] Plaintiff's argument denying that the law regarding executory contracts applies presupposes that defendant is a professional person (Brief for Plaintiff/Appellee at 39–45). *Cf. NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984) (debtor in possession who receives benefits from executory contract pending decision to assume or reject the contract is obligated to pay for reasonable value of those benefits). There are genuine issues of material fact remaining to determine whether defendant is a professional person for purposes of § 327(a). Summary judgment on liability in favor of either party is inappropriate.

---

4. Plaintiff has cited two instances in this district where the Bankruptcy Court issued orders approving employment of collection agencies by debtors in possession. There is no suggestion that whether § 327(a) applied was contested or considered in either case. Brief for Plaintiff/Appellee at 16.

5. *Cf. supra* note 1.

On a complete record it is doubtful that plaintiff will be able to establish defendant is a professional person, but the court cannot rule at this time that § 327(a) does not apply to defendant as a matter of law. Further proceedings are required to resolve the factual issues if plaintiff continues to maintain its argument on this point.

### IV. *Equitable Defenses and Compensation Nunc Pro Tunc*

■ The Bankruptcy Court ruled that there is an "absolute" rule in the Third Circuit that employment of professional persons must be authorized by the Bankruptcy Court in advance in order to receive compensation from the estate and that equitable defenses therefore were legally irrelevant. *Windsor*, 54 B.R. at 845–48. This court finds that this is not the law of this Circuit and for this reason also the Bankruptcy Court's grant of summary judgment on liability to plaintiff must be reversed.

The Bankruptcy Court relied on *In re Hydrocarbon Chemicals, Inc.*, 411 F.2d 203 (3d Cir. *en banc*), *cert. denied*, 396 U.S. 823, 90 S.Ct. 66, 76, 24 L.Ed.2d 74 (1969); and *In re Calpa Products Co.*, 411 F.2d 1373 (3d Cir.1969) (per curiam opinion).[6] *Calpa Products* does not state that retroactive approval of employment of professionals is absolutely barred.[7] In *Calpa Products* the Court of Appeals upheld denial of an attorney's request for compensation where the Bankruptcy Referee had refused to appoint the attorney co-counsel for the trustee and the evidence supported the Referee's finding that "the claimed disbursements arose in connection with fruitless attempts, in which the trustee did not

join, to have a decision reviewed by the Supreme Court." *Calpa Products*, 411 F.2d at 1374. The Court of Appeals' decision rested on General Order No. 44 in Bankruptcy, *id.*, dealing solely with the appointment of attorneys and no longer in effect.[8]

In *Hydrocarbon Chemicals*, counsel for the debtor had filed a petition for reorganization under Chapter XI of the Bankruptcy Act. *Hydrocarbon Chemicals*, 411 F.2d at 204. The Bankruptcy Court appointed a receiver and authorized him to retain two law firms as counsel. *Id.* After attempts at reorganization proved futile, a petition to proceed solely under Chapter X was filed. *Id.* Services which had been performed by four attorneys hired by counsel for the debtor in connection with the bankruptcy were used in the Chapter X proceedings. *Id.* at 204 and 205. After counsel for the debtor failed to pay these four attorneys he had hired, they sought payment from the estate. *Id.* at 205. The Court of Appeals upheld the denial of compensation primarily on the ground that "there is no provision in the Bankruptcy Act for paying more than one fee to counsel for the debtor, nor is there any provision in the Act for employment of other counsel for the counsel for the debtor unless he compensates them himself." *Id.*

The Court of Appeals also stated that compensation could be denied under General Order No. 44 because counsel to counsel for the debtor had not obtained court authorization for their employment. *Id.* at 205–206. But it did not address whether exceptional circumstances could permit compensation of professionals whose ser-

---

**6.** The Bankruptcy Court also cited its decision in *In re Lewis*, 30 B.R. 404 (Bankr.E.D.Pa.1983), and distinguished its opinion in *In Re Bible Deliverance Evangelistic Church*, 39 B.R. 768 (Bankr.E.D.Pa.1984).

**7.** *Calpa Products* is one of a number of cases in which courts have declined retroactively to approve such employment without holding that approval can never be granted. Annot., 66 A.L.R. Fed. 250 § 3 (1984 and Supp.1985).

**8.** General Order No. 45 in Bankruptcy required court authorization for employment of auction-

eers, accountants and appraisers. General Orders Nos. 44 and 45 were promulgated by the Supreme Court pursuant to the Bankruptcy Act of 1898. *Cf. In re Mork*, 19 B.R. 947, 948 (Bankr.D.Minn.1982) (adoption of Bankr.R. 215 and of the Bankruptcy Code of 1978 did not alter the requirement of court authorization of professionals previously found in General Orders Nos. 44 and 45). Bankr.R. 215 and 219 were replaced by Suggested Interim Bankr.R. 2006. Bankr.R. 2014 is the current Rule concerning employment of professional persons.

vices had not been pre-authorized by the Bankruptcy Court.

> Both the structure of the bankruptcy code and the *Hydrocarbon* opinion imply that anything which loosens the court's control over the attorneys practicing before it is strongly disfavored. *Hydrocarbon* in particular stresses the imperative requirement that counsel obtain court approval. Nothing in either the *Hydrocarbon* opinion or the statute, however, prohibits the granting of such approval retroactively.

*In re Arkansas Co., Inc.,* 55 B.R. 384, 385 (D.N.J.1985).

Retroactive approval of professional compensation has been referred to as approval *nunc pro tunc* and used to describe such approval in each of two entirely different situations:

> (1) Where prior court approval of employment was explicitly or implicitly granted but for some reason was not formally ordered or made a matter of record, and
>
> (2) Where "exceptional circumstances" (or some other test) justify the award of compensation even though advance court approval of employment was not obtained.

Retroactive approval of compensation in the former situation is not controversial. *See, e.g., In re Matter of Laurent Watch Co., Inc.,* 539 F.2d 1231 (9th Cir.1976); *In re Carolina Sales Corp.,* 45 B.R. 750 (Bankr.E.D.N.C.1985); *In re Call,* 36 B.R. 374 (Bankr.S.D.Ohio 1984); *In re New England Fish Co.,* 33 B.R. 413 (Bankr.W.D. Wash.1983); *In Re WFDR, Inc.,* 22 B.R. 266 (Bankr.N.D.Ga.1982); *In re Johnson,* 21 B.R. 217 (Bankr.D.D.C.1982); *In re Mork,* 19 B.R. 947 (Bankr.D.Minn.1982); *In the Matter of Hucknall Agency,* 1 B.R. 125 (W.D.N.Y.1979). Correction of the record is the traditional purpose of an order *nunc pro tunc. See Cuebas Y Arredondo v. Cuebas Y Arredondo,* 223 U.S. 376, 32 S.Ct. 277, 56 L.Ed. 476 (1912); *Borer v. Chapman,* 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532 (1887); *Mitchell v. Overman,* 13

Otto 62, 103 U.S. 62, 26 L.Ed. 369 (1880); *Brignardello v. Gray,* 68 U.S. (1 Wall.) 627 (1863); *Wax v. Motley,* 510 F.2d 318 (2d Cir.1975); *Hamilton v. Stillwell Van & Storage Co.,* 343 F.2d 453 (3d Cir.1965); *Matthies v. Railroad Retirement Board,* 341 F.2d 243 (8th Cir.1965). *Cf.* Fed.R. Civ.P. 60(a) ("Relief from Judgment or Order"—"Clerical Mistakes").[9] The award of compensation in these circumstances is consistent with § 327(a), which provides for court approval of employment without prescribing any form of order. *Cf.* Bankr.R. 2014(a) ("Employment of Professional Persons" "Application for and Order of Employment"); Bankr.R. 5001 ("Bankruptcy Courts and Clerks' Offices"); Bankr.R. 5003 ("Records Kept by the Clerk").

Retroactive approval of employment of professionals by the trustee or debtor in possession because of exceptional circumstances where there was no advance court approval of employment is controversial. The United States Court of Appeals for the Third Circuit has published no opinion on this issue since *Hydrocarbon* and *Calpa Products. Cf. In re Designaire Modular Home Corp.,* 517 F.2d 1015 (3d Cir.1975) (Bankruptcy Court may award compensation to counsel for debtor *not* in possession despite absence of advance court approval of employment). However, a United States District Court for the District of New Jersey opinion recognizes the propriety of compensation retroactively applied if there are exceptional circumstances. *In re Arkansas Co., Inc.,* 55 B.R. 384 (D.N.J.1985) (Stern, J.) (equity authorizes retroactive approval of employment in rare or exceptional circumstances but none there present; request of counsel for the creditors' committee for compensation denied). Bankruptcy courts in this Circuit are divided on this question. Two judges have held that there is an absolute bar on compensation without advance court approval of employment. *In re Roberts,* 58 B.R. 65 (Bankr.D. N.J.1986) (Goldhaber J., sitting by designation); *In re Fidelity America Financial*

---

**9.** Federal Rule of Civil Procedure 60 is made applicable to case under the Bankruptcy Code by Bankr.R. 9024 subject to certain modifications regarding time limitations.

*Corp.,* 48 B.R. 258 (Bankr.E.D.Pa.1985) (Goldhaber, Ch.J.); *In re Lewis,* 30 B.R. 404 (Bankr.E.D.Pa.1983) (King, J.). *Cf. In re Bible Deliverance Evangelistic Church,* 39 B.R. 768 (Bankr.E.D.Pa.1984) (King, J.) (debtor ordered to pay counsel for creditors' committee for services prior to court order approving employment where all creditors had been paid 100% of their claims and debtor had tried to use the bankruptcy proceedings to delay, hamper, and possibly defraud the creditors).[10] Three judges have reached the opposite conclusion. *In the Matter of F/S Airlease II, Inc.,* 59 B.R. 769 (Bankr.W.D.Pa.1986) (equitable factors entitle leasing agents to retroactive approval of employment); *In the Matter of Freehold Music Center, Inc.,* 49 B.R. 293 (Bankr.D.N.J.1985) (Gindin, J.) (equitable factors entitle accountants to retroactive approval of employment); *In re Century Foods, Inc.,* 39 B.R. 602 (Bankr. M.D.Pa.1984) (Gibbons, J.) (equity justifies retroactive order approving employment of real estate broker).

The opinions of courts in other circuits are also divided on the issue of retroactive approval of professional employment. *Compare, e.g., In the Matter of Triangle Chemicals, Inc.,* 697 F.2d 1280 (5th Cir. 1983) (although attorney for debtor in possession did not obtain court order approving employment before rendering services, Bankruptcy Court had discretion, as court of equity, to approve compensation in exceptional circumstances for services which benefitted the estate); *Stolkin v. Nachman,* 472 F.2d 222 (7th Cir.1973) (failure of debtor's attorney to secure order approving employment did not preclude fee award where issue was first raised on appeal and all creditors were paid in full); *with, In the Matter of Laurent Watch Co., Inc.,* 539 F.2d 1231 (9th Cir.1976) (*nunc pro tunc* order to approve employment of counsel for debtor is permissible where the Bankruptcy Referee made the findings required by General Order No. 44 before services were rendered); *In the Matter of American Express Warehousing, Ltd.,* 525 F.2d 1012 (2d Cir.1975) (creditor's lawyer may not receive compensation from estate without advance court authorization of employment); *Gochenour v. Cleveland Terminals Building Co.,* 142 F.2d 991 (6th Cir.), *cert. denied,* 323 U.S. 767, 65 S.Ct. 120, 89 L.Ed. 614 (1944) (General Order No. 44 requires advance court approval of estate's employment of attorney). For other examples of case holding or stating that compensation may be awarded on equitable grounds or in exceptional circumstances to professionals not having advance court approval of employment, see *In re Ewing,* 54 B.R. 952 (D.Colo.1985); *In re Mahoney, Trocki & Associates, Inc.,* 54 B.R. 823 (S.D. Cal.1985); *In the Matter of Georgetown of Kettering, Ltd.,* 28 B.R. 120 (Bankr.S.D. Ohio), *aff'd sub nom. Hunter Savings Association v. The Baggott Law Offices Co., L.P.A.,* 34 B.R. 368 (S.D.Ohio 1983), *rev'd on other grounds,* 750 F.2d 536 (6th Cir. 1984); *In re Olson,* 36 B.R. 74 (D.Neb. 1983); *In re Cormier,* 35 B.R. 424 (D. Maine 1983); *In re King Electric Co., Inc.,* 19 B.R. 660 (N.D.Va.1982); *In re Williamette Timber Systems, Inc.,* 54 B.R. 485 (Bankr.D.Or.1985); *In the Matter of 437 Park Corp.,* 54 B.R. 326 (Bankr.S.D.N.Y. 1985); *In re Chamberlin Corp.,* 53 B.R. 764 (Bankr.M.D.Fla.1985); *In re Roaring Creek Min. Co., Inc.* 51 B.R. 866 (Bankr.E. D.Tenn.1985); *In re Lindberg Products Inc.,* 50 B.R. 220 (Bankr.N.D.Ill.1985); *In re Kentucky Threaded Products, Inc.,* 49 B.R. 118 (Bankr.W.D.Ky.1985); *In re Tinsley & Groom,* 49 B.R. 94 (Bankr.W.D.Ky. 1985); *In re Carolina Sales Corp.,* 45 B.R. 750 (Bankr.E.D.N.C.1985); *In re Guy Apple Masonry Contractors, Inc.,* 45 B.R. 160 (Bankr.D.Ariz.1984); *In re Glinz,* 36 B.R. 17 (Bankr.D.N.D.1983). For additional examples of cases holding or stating that retroactive approval of professional employment may not be granted, or may be granted only to correct the record, see, *In the Matter of Richland Building Systems, Inc.,* 40 B.R. 156 (Bankr.W.D.Wisc.1984); *In re Call,* 36 B.R. 374 (Bankr.S.D.Ohio

---

10. But in his opinion in *Windsor,* Judge King stated that the *Bible Deliverance* case was "unique" and did not support retroactive approval of compensation of professionals in typical situations. *Windsor,* 54 B.R. at 847 n. 4.

1984); *In re New England Fish Co.,* 33 B.R. 413 (Bankr.W.D.Wash.1983); *In re Mork,* 19 B.R. 947 (Bankr.D.Minn.1982).

Bankruptcy courts traditionally are courts of equity. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 527, 104 S.Ct. 1188, 1197, 79 L.Ed.2d 482 (1983); *Marin v. England,* 385 U.S. 99, 103, 87 S.Ct. 274, 277, 17 L.Ed.2d 197 (1966). Bankruptcy courts exercised equitable jurisdiction under the Bankruptcy Act, 11 U.S.C. § 11(a) (repealed), and under the Bankruptcy Code of 1978 as originally enacted, 28 U.S.C. § 1481 (effectively repealed pursuant to 98 Stat. 343 (1984)). Under the 1984 amendments of the Bankruptcy and Judicial Codes, bankruptcy courts now are units of the federal district courts, 28 U.S.C.A. § 151 *et seq.* and § 1334 (West Supp.1986), and bankruptcy cases are referred to the bankruptcy courts by the federal district courts. 28 U.S.C.A. § 157(a) (West Supp.1986). No specific statute now states expressly that bankruptcy courts are courts of equity, but equitable relief may be awarded in adversary proceedings in the bankruptcy court. Bankr.R. 7001.[11]

The award of compensation to a professional for equitable grounds in exceptional circumstances is consistent with the Bankruptcy Code. The purpose of § 327(a) and Bankr.R. 2014 is to protect the estate from wasteful or fraudulent dissipation which in turn serves a central purpose of the Bankruptcy Court: equitable distribution or reorganization of the estate. There are factual situations in which a rigid application of § 327(a) would be entirely contrary to these purposes. For example, if a debtor in possession fraudulently induced a professional to render valuable services to the estate without a court order authorizing employment, an order refusing compensation would not protect the estate from unnecessary expense and would conflict with the more fundamental goal of fair distribution of the estate.[12] The debtor and others who had benefitted from the services of the professional but do not pay for them would be unjustly enriched. *See Trustees of the Internal Improvement Fund v. Greenough,* 15 Otto 527, 105 U.S. 527, 26 L.Ed. 1157 (1881).

The consistency of an award of compensation in such circumstances with the Bankruptcy Code is demonstrated by an examination of 11 U.S.C.A. § 365 (West 1979 and Supp.1986) and 11 U.S.C.A. § 327(b) (West 1979). Section 365 provides that a trustee in possession may assume or reject executory contracts with court approval. For equitable reasons a debtor in possession is held obligated to pay for the reasonable value of services rendered under the contract pending a decision whether it should be assumed or rejected even though the Bankruptcy Code does not explicitly require it. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531, 104 S.Ct. 1188, 1199, 79 L.Ed.2d 482 (1983); *Philadelphia Co. v. Dipple,* 312 U.S. 168, 174, 61 S.Ct. 538, 541, 85 L.Ed. 651 (1941). *Cf.* 11 U.S.C.A. §§ 365, 502(g) and 507 (West 1979 and Supp.1986).

■ The Bankruptcy Code provides that where a trustee is authorized to operate the debtor's business under 11 U.S.C.A. § 1108 (West Supp.1986), "if the debtor has regularly employed attorneys, accountants, or other professional persons on salary, the trustee may retain or replace such professional persons if necessary in the operation of such business." 11 U.S.C.A. § 327(b) (West 1979).[13] Defendant performed collection services for plaintiff from 1934 until 1984, and was necessary in the operation of the debtor. Assuming that defendant were a professional person, the reason defendant is barred from retaining its commissions

---

**11.** The scope of equitable relief available to a bankruptcy court is narrower than that of a federal district court. For example, a bankruptcy court probably may not enjoin another court. 1 Collier Bankruptcy Manual § 3.01[8][b] (1985). This does not alter the general applicability of equitable principals in the bankruptcy court.

**12.** This is expressly what defendant contends to have occurred in this case.

**13.** This provision is equally applicable to a debtor in possession. 11 U.S.C.A. § 1107 (West 1979 and Supp.1986).

under plaintiff's theory of the law is that defendant was paid on a commission basis rather than on salary. This distinction has little to do with the policy underlying § 327(a), or those underlying the Bankruptcy Code as a whole. On the record before the court, defendant may be able to prove equitable grounds and exceptional circumstances justifying approval of its commissions even if it were employed as a professional person.

### V.  *Conclusions*

The Bankruptcy Court erred in granting plaintiff summary judgment on liability in the adversary proceeding.[14]  On the record to date, it cannot be determined that defendant is a professional person for purposes of 11 U.S.C.A. § 327(a) (West 1979) as a matter of law. Although the court is dubious that on a full record defendant can be found a professional person, it will not preclude that possibility, and further proceedings on this issue are necessary if plaintiff maintains this argument.

Further proceedings are necessary in any event because there are material issues in dispute whether or not defendant is a professional person. If defendant is a professional person, its equitable defenses may be presented and evaluated. If defendant is not a professional person, evidence on executory contract issues will be heard. In either case, factual issues surrounding the accounting between the parties must be resolved. Defendant's motions to withdraw the reference to the Bankruptcy Court and to disqualify plaintiff's counsel are also pending.

An appropriate Order follows.

---

14. Because of this ruling the court does not address defendant's arguments regarding the validity of the form of the Bankruptcy Court's Order.